NEW AMSTERDAM CASUALTY COMPANY, Appellant,

v.

CARLTON COMPANY, INC., Appellee.

No. 19274.

United States Court of Appeals
Fifth Circuit.

Sept. 18, 1962.

Robert E. Coll, James N. Frazer, Atlanta, Ga., H. P. Burt, Albany, Ga. (Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., Burt & Burt, Albany, Ga., of counsel), for appellant.

Jesse W. Walters, Perry, Walters & Langstaff, Albany, Ga., for Carlton Co., Inc., appellee.

Before CAMERON and BELL, Circuit Judges, and CARSWELL, District Judge.

CAMERON, Circuit Judge.

This action involves a labor and material payment bond issued on behalf of a contractor for a Georgia Rural Roads construction project. Defendant-appellant, New Amsterdam Casualty Company, moved for a directed verdict and judgment n. o. v. or a new trial, and the motions were overruled. The jury found for the plaintiff-appellee, Carlton Company, Inc., and defendant's appeal is based on the court's refusal to grant the motions, claiming there was not sufficient evidence to support the jury's verdict.

Carlton Company, Inc. sued as a supplier of asphalt on the bonded road project. The surety, Amsterdam, denied that Carlton actually supplied the asphalt, but contended that Carlton was merely the guarantor of the contractor's account with Seminole Asphalt Refining, Ltd. Further, Amsterdam contended that even if Carlton was the seller of the asphalt (rather than a guarantor of the account), a certain $16,000.00 payment by Bostick (the bonded contractor involved) to plaintiff Carlton should have been applied to Bostick's asphalt account with Carlton before any of the money was applied to other debts Bostick owed Carlton (or debts to others on which Carlton was secondarily liable). Only about $1,600.00 was applied to this asphalt account, the balance being applied to other debts owed Carlton and others.

The applicable principles of law are not disputed by the parties. The only question is whether there was sufficient evidence to support the jury's verdict. The trial judge charged the jury that they must first determine whether there was in fact a sale of asphalt by Carlton to Bostick, rather than a guaranty by Carlton to Seminole that Carlton would see that Seminole was paid and that, if Bostick didn't pay for the asphalt, Carlton would. Unless the jury found there was a sale by Carlton to Bostick, the jury was instructed to return a verdict for the defendant surety.

The court thereupon charged that if the jury found that there had been a sale, they must next decide if the funds paid Carlton were in fact funds from the bonded job. If so, and if Carlton knew of the source of the funds, the court charged the jury that Carlton was bound to apply the funds to the payment of the material debt rather than other debts owed him by the contractor.

Carlton Company was in the equipment business, not the asphalt business. Bostick was a customer of Carlton and was indebted to Carlton on several accounts. Bostick approached Carlton for assistance in obtaining asphalt from Seminole for his job. Carlton admits that, at first, it agreed with Seminole to guarantee

Bostick's account, as per a letter from Carlton to Seminole confirming a telephone conversation to that effect. Later, admittedly to obtain the benefit of the bond, Carlton contends it orally changed the arrangement and bought the asphalt from Seminole and resold it to Bostick. Defendant New Amsterdam denies that the evidence supports such a contention.

The jury found that there was, in fact, a sale of asphalt from Carlton to Bostick. There was sufficient evidence to support such a finding, even though the evidence was in sharp conflict. And we find further that such an arrangement was not illegal but was proper and that Carlton was a bona fide supplier of materials protected by the bond. Carlton bought the asphalt from Seminole, had it shipped to Bostick and paid Seminole within ten days after receipt of each shipment. The copies of the invoices delivered to Bostick showed that Seminole sold to Carlton. There is no complaint made with respect to the trial court's charge as to the law on this point, the only contention made by the defendant being that such a finding is against the overwhelming weight of the evidence. A careful reading of the evidence leads us to the contrary conclusion and we will not disturb the jury's findings.

As to the second point (whether the funds were payment to the contractor for his work on the bonded job and if so, whether Carlton was aware of the source of the funds), there was evidence to the effect that Bostick had received money from several other jobs about the time the $16,000.00 was paid Carlton and the jury was warranted in believing either that the $16,000.00 did not come from the bonded job, or if it did, Carlton did not know the source of the funds. The evidence indicates that Bostick and Carlton agreed as to the manner in which the funds were to be applied. We find in the record sufficient evidence to support the jury's verdict and the judgment based thereon is

Affirmed.